## DUNCAN'S vs. POYDRAS'S EXECUTORS.

The shipper of goods is not responsible for the cost of defending the ship & other

APPEAL from the court of the fourth district.

PORTER, J. delivered the opinion of the

court. This action was commenced in the lifetime of both the parties, in the district court. On the death of the defendant it was transferred to that of probates; where judgment being rendered in favor of the plaintiff, an appeal was taken to the district court That court confirmed the judgment of that of the first instance; and the defendants have again appealed to this.

EasternDis'ct
March, 1827.

DUNCAN'S
vs.
POYDRAS'S
EXECUTORS.

property on bosrd, which is seized and prosecuted for illegal trade.

The whole claim of the petitioner grows out of a seizure made by the collector of the port of Orleans, of a quantity of slaves shipped from one of the northern states to this, on an allegation, that the regulations contained in the act of Congress, in relation to the transportation of slaves from one state to another, by sea, had been violated.

Three libels, it appears were filed against the vessel, in the district court of the United States; and two actions were brought in the court of the state, against the collector:— one to obtain a sequestration of the slaves, and the other for damages consequent on the illegal seizure.

The services and the value of them are proved in those actions in which Poydras was directly concerned, where he was plain-

EasternDis'ct
*March*, 1827.
~~~~~~
Duncan's
*vs.*
Poydras's
executors.
tiff and defendant; but we can see no foundation for the claim to make him pay what is called in the account, his proportion of the fees due for defending the captain and sloop. A man who ships goods on board a vessel which is illegally seized, suffers enough in the detention attending his own property, and the expense he may incur in getting it released, without being obliged to defend the ship and master for a misfortune by which all suffered.

The plea of prescription, is not supported. Some of the suits were continued up to the year 1821; and between that time and the commencement of the action, the period required by law to bar claims of this description, had not elapsed. When the services are continuous and uninterrupted, prescription runs from the time they are finished, not from their commencement.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled, and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendants, the sum of fifteen hundred dollars, with costs in the court below, the appellee paying those of appeal.

*Conrad* for the plaintiffs, *Seghers* for the defendants.